Cartter, Ch. J.,
delivered the opinion of the court:
We think that Grant is concluded by the fact that he directed the deed to be made to John P. Newman, and he will not be heard now to say that it should have been made to himself. The deed was in the name of Newman at his instance, and was submitted for examination to Newman’s counsel, and it was Newman who undertook finally to pay the consideration according to the terms of the contract. The complainant has therefore no just right to expect the equitable interposition of a court of equity to enforce the perform anee of a contract which has been modified in this respect by the consent of both parties.
The defendant Howard undertook to perform his part of the agreement, and executed a conveyance. A question arose as to the incumbrance upon the property. Counsel were called in and advised with, and the conveyance was declined on the part of Newman, for the sole reason that there was an outstanding trust-deed upon the property which embarrassed the title. We are of the opinion that when the conveyance was refused for that reason no further tender was required, because the party entitled to receive it asserted that he would not take the title. The objection to the conveyance had no legal foundation. The debt which the incumbrance secured had been paid; and, in addition to this, it had been released and extinguished by the heirs of the trustee; the only parties who could rightfully release it. Under .these circumstances Grant could not demand that they should go into a court of equity, for that jurisdiction could give no more relief than the proper parties had already conferred without litigation or expense. The legal title could not have been made more perfect by any court, and we therefore think that the decree of a court was unnecessary.
The decree below is affirmed.